**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATHRYN HIRSH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WW NORTH AMERICA HOLDINGS, INC.,<br><br>Defendant. | Case No. 2:19-cv-9782-DSF (AFMx)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

The Court, having fully reviewed Plaintiff's Motion for Preliminary Approval of Class Action Settlement, the supporting Points and Authorities and Declaration, the Parties' Joint Stipulation of Settlement and Release and the proposed Notice of Settlement, and in recognition of the Court's duty to make a preliminary determination as to the reasonableness of any proposed class action settlement, and if preliminarily determined to be reasonable, to ensure proper notice is provided to Class Members in accordance with due process requirements; and to conduct a Final Approval hearing as to the good faith, fairness, adequacy and

reasonableness of any proposed settlement, THE COURT MAKES THE FOLLOWING DETERMINATIONS AND ORDERS:

1. The Court finds, on a preliminary basis, that the Stipulation of Settlement, which is attached as Exhibit 1 to the Declaration of John T. Mullan, and is incorporated in full by this reference and made a part of this Order, appears to be fair, adequate, and reasonable to the Class. Accordingly, the Court grants preliminary approval of the proposed settlement based on the terms set forth in the Stipulation of Settlement.

2. All capitalized terms defined in the Stipulation of Settlement shall have the same meaning when used in this Order.

3. The Settlement falls within the range of reasonableness of a settlement that could ultimately be given final approval by this Court, and appears to be presumptively valid, subject only to any objections that may be raised at the Final Approval Hearing and final approval by this Court.

4. The Court finds and concludes that the Settlement is the result of arms-length negotiations between the parties conducted after Class Counsel had adequately investigated Plaintiff's claims and became familiar with their strengths and weaknesses. The assistance of an experienced mediator in the settlement process further confirms that the Settlement is non-collusive. The Court further finds that the settlement of Plaintiff's representative claims under the California Private Attorneys General Act (Cal. Labor Code §§2698 *et seq.*) ("PAGA") is fair and reasonable and is approved.

5. In accordance with the Stipulation of Settlement, the Court certifies the following class for purposes of settlement: All persons who worked for Defendant as Studio Team Members in California at any time since November 14, 2015, through the date of this Order. The Court finds and concludes that the Class satisfies all of the requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3), except manageability. The Court finds that the Class satisfies the

standards for numerosity and ascertainability. The Court further finds for settlement purposes that questions of fact and law are common to the Class and predominate over questions affecting individuals, and that Plaintiff's claims or defenses are typical of the Class. The Court also finds that certification of this case for settlement purposes is a superior method of adjudication as opposed to alternate means for a fair and efficient adjudication of the litigation.

6. The Court finds that Rudy, Exelrod, Zieff & Lowe, LLP will fairly and adequately represent the Class, and appoints them as Class Counsel as to the conditionally certified Class.

7. The Court finds that Plaintiff Kathryn Hirsh will fairly and adequately represent the Class, and appoints Plaintiff as Class Representative as to the conditionally certified Class.

8. The Court finds that the proposed settlement administrator, Rust Consulting, Inc., is an adequate settlement administrator and is appointed to perform the duties of the Settlement Administrator as set forth in this Order and the Settlement Agreement.

9. The Court finds that the Notice comports with Fed. R. Civ. P. 23 and all Constitutional requirements including those of due process. The Court further finds that the Notice adequately advises the Class about the terms and conditions of this proposed settlement and their rights thereunder. The Court approves the timing and procedures for mailing of the Notice and settlement documents, and the timing and procedures for objecting to the Settlement, and the timing and procedures of opting out of the Settlement, as specifically described in the Stipulation of Settlement.

10. Within 21 days of the issuance of this Order, Defendant shall provide the Settlement Administrator with the Class Member information specified in the Stipulation of Settlement.

11. Within 14 days after receipt of the Class Member information from Defendant, the Settlement Administrator shall mail the Notice in the manner specified in the Stipulation of Settlement.

12. The Court orders that any request for exclusion from the non-PAGA portion of the Settlement must be postmarked no later than 45 days after the Notice is initially mailed to Class Members, and must be received by the Settlement Administrator to be valid.

13. The Final Approval Hearing shall be held before this Court on January 4, 2021 at 1:30 P.M. in Courtroom 7D, to consider the fairness, adequacy, and reasonableness of the proposed settlement preliminarily approved by this Order, and to consider the motion of Class Counsel for an award of reasonable attorneys' fees and costs and Class Representative Service Enhancement.

14. All briefs in support of final approval of the Settlement and for award of attorneys' fees, costs, and Class Representative service payment shall be filed no later than 28 days before the Final Approval Hearing. Reply briefs, if any, shall be filed no later than 14 days before the Final Approval Hearing.

15. The Court enjoins Plaintiff and all Class Members and anyone acting on behalf of any Class Member, unless and until the Class Member opts out of the non-PAGA portion of the Settlement, from further prosecution of this litigation; filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate on a class or collective action basis any action, claim or proceeding arising out of the facts alleged in the First Amended Complaint against Defendant in any forum in which any of the claims subject to the Settlement are asserted, or which in any way would prevent any such claims from being extinguished; or seeking, whether on a conditional basis or not, certification of a class or collective action that involves any such claims.

16. The Court expressly reserves the right to adjourn or continue the Final Approval Hearing without further notice to Class Members.

IT IS SO ORDERED.

DATED: September 25, 2020

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE