STEVEN G. ZIEFF (SBN: 84222)
Email:  sgz@rezlaw.com
JOHN T. MULLAN (SBN: 221149)
Email:  jtm@rezlaw.com
WILLIAM P. McELHINNY (SBN: 296259)
Email:  wpm@rezlaw.com
RUDY, EXELROD, ZIEFF & LOWE, LLP
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile:  (415) 434-0513

Attorneys for Plaintiff
KATHRYN HIRSH, individually and
on behalf of all others similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KATHRYN HIRSH, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WW NORTH AMERICA HOLDINGS, INC., <br><br> Defendant. | Case No. 2:19-cv-9782-DSF (AFMx) <br><br> **PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:     February 1, 2021 <br> Time:     1:30 p.m. <br> Place:    Courtroom 7D <br> Judge:    Hon. Dale S. Fischer <br><br> Complaint Filed: November 14, 2019 <br> Trial Date:  None Set |

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

<u>**NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL**</u>
<u>**APPROVAL OF CLASS ACTION SETTLEMENT**</u>
<u>**AND ENTRY OF JUDGMENT**</u>

TO DEFENDANT WW NORTH AMERICA HOLDINGS, INC. AND ITS

COUNSEL OF RECORD AND ALL OTHER INTERESTED PARTIES:

PLEASE TAKE NOTICE THAT on February 1, 2021, at 1:30 p.m., in

Courtroom 7D of this Court located at the First Street Courthouse, 350 West 1st

Street, Los Angeles, California, Plaintiff Kathryn Hirsh will move and hereby

moves the Court for an order granting the following relief:

(1)    Confirming as final the certification of the settlement class under
        Federal Rule of Civil Procedure 23 (Rule 23);

(2)    Confirming as final the appointment of Plaintiff Kathryn Hirsh as the
        class representative of the class pursuant to Rule 23;

(3)    Approving the Parties' class action settlement as fair, reasonable, and
        adequate, and binding on all Class Members;

(4)    Directing the Parties and the Settlement Administrator to implement the
        terms of the Agreement pertaining to the distribution of the Settlement
        Fund and Net Settlement Fund;

(5)    Making findings of fact and stating conclusions of law in support of the
        foregoing; and,

(6)    Directing the entry of judgment, as proposed by the Parties and in
        accordance with the Parties' Settlement Agreement, pursuant to Fed. R.
        Civ. P. 54 and 58.

This Motion is based on the parties' Stipulation and Agreement of

Compromise and Settlement (Dkt. No. 29-1, Exhibit 1), the accompanying

Memorandum of Points and Authorities, the declarations of John T. Mullan, named

Plaintiff Kathryn Hirsh, and Settlement Administrator Sara Schwermer-Sween

(Senior Project Manager, Rust Consulting), the proposed order and judgment

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

concurrently submitted herewith, the other records and pleadings filed in this action, and upon such other documentary and oral evidence or argument as may be presented to the Court at the hearing of this Motion.

DATED:  January 4, 2021         Respectfully submitted,

By: _____
       STEVEN G. ZIEFF
       JOHN T. MULLAN
       WILLIAM P. McELHINNY
       Attorneys for Plaintiff
       KATHRYN HIRSH, individually and on
       behalf of all others similarly situated

# <u>TABLE OF CONTENTS</u>

Page(s)

I.    INTRODUCTION ........................................................................................ 1

II.   FACTUAL AND PROCEDURAL HISTORY ........................................... 3

    A.   Investigation, Negotiations and Settlement ........................................ 3

    B.   The Court Certified a Class for Settlement Purposes and Granted Preliminary Approval to the Settlement Agreement ............................ 4

    C.   Settlement Fund .................................................................................. 5

    D.   Plan of Distribution to Class Members. .............................................. 6

    E.   Release of Claims ............................................................................... 7

    F.   Settlement Administration .................................................................. 8

        1.   Class Notice .............................................................................. 8

        2.   There Has Been Only One Opt Out. .......................................... 8

        3.   Counsel Are Not Aware of any Class Member Objections to the Settlement or any of its Terms. ................................................ 9

        4.   Challenges to Workweeks Calculated by the Settlement Administrator. ......................................................................... 9

III.  DISCUSSION ........................................................................................... 10

    A.   Final Confirmation of Class Certification is Appropriate. .................. 10

    B.   Final Settlement Approval is Appropriate. ......................................... 10

        1.   The settlement is entitled to a strong presumption of fairness. 11

        2.   The settlement is fair, reasonable, and adequate. ...................... 12

            a.   The strength of Plaintiff's case and the risk of maintaining class action status throughout the trial. ................................ 12

            b.   The risk, expense, complexity, and likely duration of further litigation. .......................................................................... 14

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

i

MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF JUDGMENT
CASE NO. 2:19-CV-9782 DSF (AFMX)

        c.  Settlement amount.................................................................15

        d.  Extent of discovery and investigation completed. ...............16

        f.  Class Members' reactions to the proposed settlement.........18

    3.    The Settlement Provides a Substantial Payment to the LWDA in
Consideration for the Settlement of the PAGA Claim..............18

  C.    The Court Should Grant Final Approval to the Payment of a Service
Award to Representative Plaintiff Hirsh. ...............................................19

    1.    Plaintiff Hirsh Contributed Substantially to this Litigation, to
the Benefit of the Class. ............................................................19

    2.    Plaintiff Hirsh Shouldered Unique Risks in Her Role as a
Representative Plaintiff. ............................................................20

    3.    The Requested Service Award is Reasonable...........................22

IV.    CONCLUSION.......................................................................................24

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF JUDGMENT
CASE NO. 2:19-CV-9782 DSF (AFMX)

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Brazil v. Dell Inc.*,
    No. C-07-01700 RMW, 2012 WL 1144303 (N.D. Cal. Apr. 4, 2012)...............20

*Bredbenner v. Liberty Travel, Inc.*,
    No. CIV.A. 09-1248 MF, 2011 WL 1344745 (D.N.J. Apr. 8, 2011) ................21

*Carlson v. C.H. Robinson Worldwide, Inc.*,
    No. 02-CV-3780 JNE, 2006 WL 2671105 (D. Minn. Sept. 18, 2006)..............23

*Carter v. Anderson Merchandisers, LP*,
    No. EDCV 08-0025-VAP OPX, 2010 WL 1946784 (C.D. Cal. May 11, 2010)..............................................................................................................3

*Chiaramonte v. Pitney Bowes, Inc.*,
    No. 06-1507, 2008 WL 510765 (S.D. Cal. Feb. 25, 2008)................................16

*Churchill Vill., L.L.C. v. Gen. Elec.*,
    361 F.3d 566 (9th Cir. 2004)............................................................................2

*Clesceri v. City Beach Investigations & Protective Servs., Inc.*,
    No. 10-3873, 2011 WL 320998 (C.D. Cal. Jan. 27, 2011)................................18

*Connolly v. Weight Watchers N. Am. Inc.*,
    No. 14-CV-01983 TEH, 2014 WL 3611143 (N.D. Cal. July 21, 2014) ......21, 22

*Connolly v. Weight Watchers North America, Inc.*,
    No. 14-cv-01983-TEH (N.D. Cal. 2014) (Henderson, J.) .................................23

*Dent v. ITC Serv. Grp., Inc.*,
    No. 12-CV-0009 JCM, 2013 WL 5437331 (D. Nev. Sept. 27, 2013)...............23

*Garner v. State Farm Mut. Auto. Ins. Co.*,
    No. 08-1365, 2010 WL 1687832 (N.D. Cal. Apr. 22, 2010)
    (Wilken, J.).............................................................................................18, 19, 22

*Glass v. UBS Fin. Servs., Inc.*,
    No. C-06-4068 MMC, 2007 WL 221862 (N.D. Cal. Jan. 26, 2007)..................23

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

iii

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

*Graham v. Overland Solutions, Inc.*,
   No. 10-CV-0672 BEN, 2012 WL 4009547 (S.D. Cal. Sept. 12, 2012) ............ 22

*Guippone v. BH S&B Holdings, LLC.*,
   No. 09-CV-01029 CM, 2011 WL 5148650 (S.D.N.Y. Oct. 28, 2011) ............. 21

*In re High-Tech Emp. Litig.*,
   11-CV-02509 LHK, 2015 WL 5158730 (N.D. Cal. Sept. 2, 2015)............. 21, 22

*Lane v. Facebook, Inc.*,
   696 F.3d 811 (9th Cir. 2012), *cert. denied,* 134 S. Ct. 8, 187 L. Ed.
   2d 392 (U.S. 2013) ........................................................................................ 5

*Linney v. Cellular Alaska Partnership*,
   151 F.3d 1234 (9th Cir. 1998) ...................................................................... 17

*Morales v. Stevco, Inc.*,
   No. 09-00704, 2011 WL 5511767 (E.D. Cal. Nov. 10, 2011) ......................... 17

*Nat'l Rural Telecomm. Cooperative v. DIRECTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004) .................................................................. 18

*Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco*,
   688 F.2d 615 (9th Cir. 1982)............................................................ 12, 15, 16, 18

*In re Omnivision Tech., Inc.*,
   559 F.Supp.2d 1036 (N.D. Cal. 2008) (Conti, J.)............................................. 11

*Rodriguez v. West Publishing Corp.*,
   563 F.3d 948 (9th Cir. 2009)................................................................... 19, 20

*Ross v. U.S. Bank Nat'l Ass'n*,
   No. C07-02951SI, 2010 WL 3833922 (N.D. Cal. Sept. 29, 2010).................... 21

*Satchell v. Fed. Express Corp.*,
   Nos. C-03-2659 SI, C-03-2878 SI, 2007 WL 1114010 (N.D. Cal. Apr.
   13, 2007) ..................................................................................................... 23

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003)........................................................................ 20

*In re Syncor Erisa Litig.*,
   516 F.3d 1095 (9th Cir. 2008) ...................................................................... 11

iv

*Torrisi v. Tucson Elec. Power Co.,*
    8 F.3d 1370 (9th Cir. 1993) .................................................................. 12

*Trew v. Volvo Cars of N. Am., LLC,*
    No. 05-1379, 2007 WL 2239210 (E.D. Cal. Jul. 31, 2007) ......................... 11, 12

*Van Vranken v. Atlantic Richfield Co.,*
    901 F.Supp. 294 (N.D. Cal. 1995) ....................................................... 23

*Wren v. RGIS Inventory Specialists,*
    No. 06-05778, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011) ......................... 11, 12

**Other Authorities**

California Business and Professions Code
    § 17200, *et seq.* ............................................................................. 7

California Civil Code
    § 1542 .......................................................................................... 7

California Labor Code
    §§ 2698-2699.5 ............................................................................... 4
    § 2699 .......................................................................................... 7, 16
    § 2699, *et seq.* .............................................................................. 7
    § 2699(e)(2) ................................................................................... 14
    § 2802 .......................................................................................... 7

California Private Attorneys General Act (PAGA) ..................................... *passim*

Class Action Fairness Act
    28 U.S.C. § 1715 ............................................................................. 4

Federal Rules of Civil Procedure
    Rule 23 ........................................................................................ 4, 10
    Rule 23(a) ..................................................................................... 3, 4, 10
    Rule 23(b)(3) ................................................................................. 3, 4, 10
    Rule 23(e) ..................................................................................... 1
    Rule 23(e)(2) ................................................................................. 10

Nantiya Ruan, *Bringing Sense to Incentive Payments: An Examination of
    Incentive Payments to Named Plaintiffs in Employment Discrimination
    Class Actions,* 10 Emp. Rts. & Emp. Pol'y J. 395 (2006) ........................ 22

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF JUDGMENT
CASE NO. 2:19-CV-9782 DSF (AFMX)

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

In this class action lawsuit, Plaintiff Kathryn Hirsh requests that the Court grant final approval of the Parties'[1] settlement of Plaintiff's claims pleaded in the First Amended Class Action Complaint pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.  The settlement, in the amount of $750,000.00, is "fair, reasonable, and adequate" within the meaning of Rule 23(e).  The Class includes 1,998 individuals, comprised of individuals who worked for Defendant as a Studio Team Member in California at any time between November 14, 2015, and the date of the Court's order preliminarily approving the Settlement, September 25, 2020. Class Members stand to recover substantial and immediate monetary benefits under the settlement.  Only one Class Member of the 1999 putative class members has opted out, and one Class Member has disputed the employment information provided by the Defendant.  The class notice directed Class Members to send any objections to the Court.  There have been no timely objections to the settlement — neither counsel nor the settlement administrator has received any objections (Declaration of John T. Mullan In Support of Plaintiff's Unopposed Motion for Final Approval ("Mullan Decl."), ¶ 29; Declaration of Sara Schwermer-Sween For Rust Consulting, Inc. ("Schwermer-Sween Decl."), ¶ 15).

The $750,000 non-reversionary settlement satisfies the Ninth Circuit's standards for approval.  Class Counsel vigorously litigated this case over the course of more than a year, conducting extensive informal discovery, attending a full-day mediation and engaging in follow-up discussions conducted with an experienced mediator.  Class Counsel were fully informed about the strengths and weaknesses of the claims of Class Members at the time the settlement was negotiated.

---

[1] All capitalized terms appearing in this memorandum that are not defined herein have the meanings assigned to them in the Stipulation and Agreement of Compromise and Settlement (Dkt. No. 29-1, Exhibit 1).

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

The settlement is in line with the strength of Class Members' claims given the risk, expense, complexity, and likely duration of further litigation, including the risks of establishing liability, proving damages at trial and on appeal, and the risks of securing and maintaining class action status throughout the trial and on appeal. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575-76 (9th Cir. 2004) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). It is uncertain whether Plaintiff would have ultimately been able to certify and maintain the case as a class action, and to have prevailed on liability for the Class through summary judgment, at trial, and on appeal. Even if Plaintiff did prevail on liability, it is uncertain what amount she would have recovered for the Class. Weighing the risks, time, and expense of continued litigation against the substantial benefits afforded now by the proposed $750,000 settlement, the proposed settlement is in the best interest of the Class.

To date, the response of Class Members to the proposed settlement has been very favorable.[2] There have been no objections to the settlement. Only one of the 1,999 potential Class Members has opted out. The lack of any objections and the fact that only a single Class Member has opted out indicates that the Class has a favorable view of the settlement. This factor too weighs in favor of final settlement approval. Indeed as the Court found in granting preliminary approval to the settlement:

> The Settlement falls within the range of reasonableness of a settlement that could ultimately be given final approval by this Court, and appears to be presumptively valid, subject only to any objections that may be raised at the Final Approval Hearing and final approval by this Court.

*See* Order Granting Preliminary Approval of Class Action Settlement (Dkt. No. 33, ¶ 3). Since there were no objections that were filed in accordance with the terms of

---

[2] The Class Notice advised Class Members that the period to submit objections and requests for exclusion ended December 14, 2020.

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

the Preliminary Approval Order, it is respectfully requested that this Settlement be finally approved by the Court.

In connection with requesting final settlement approval, Plaintiff also requests that the Court: (1) confirm as final the certification of the Class under Fed. Rules Civ. P. 23(a) and 23(b)(3); (2) confirm as final the appointment of Plaintiff Hirsh as the class representative of the Class; and (3) enter the proposed final approval order in the form submitted herewith and enter judgment in the form submitted herewith. Additionally, while the settlement is not contingent upon any service payment, Plaintiff requests the Court award modest and reasonable service payment of $10,000 to compensate Plaintiff for her service to and risks taken on behalf of the Class.

## II.    **FACTUAL AND PROCEDURAL HISTORY**

### A.    **Investigation, Negotiations and Settlement**

As described more fully in the Memorandum of Points and Authorities in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 29), the Settlement was reached only after significant investigation, relevant informal discovery and aggressive negotiation. The parties participated in a full-day mediation before an experienced mediator and negotiated aggressively and at arm's length over the settlement terms. (Mullan Decl., ¶¶ 24-27). "The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive." *Carter v. Anderson Merchandisers, LP*, No. EDCV 08-0025-VAP OPX, 2010 WL 1946784, at *7 (C.D. Cal. May 11, 2010). After the formal mediation concluded, the parties continued to engage in negotiations for approximately another month. *Id.* Once the parties reached an agreement in principle, the parties continued to engage in negotiations to specify the full terms and conditions of the proposed Settlement (Mullan Decl., ¶ 28.)

These negotiations were informed by extensive informal discovery. The parties conducted detailed factual and legal investigations into Plaintiff's claims.

3

RUDY EXELROD ZIEFF & LOWE LLP

351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

1  Plaintiff's counsel conducted multiple interviews of putative Class Members

2  (Mullan Decl., ¶ 27).  Plaintiff's counsel have reviewed all relevant policy

3  documents produced by Defendant and the named Plaintiff (*ibid*.).  Additionally,

4  Plaintiff's counsel received payroll information sufficient to allow them to calculate

5  damages for the putative Class Members (*ibid*.).  It was only after fully researching

6  the legal claims, investigating the facts and calculating damages that the parties

7  agreed to settle (*id*., at ¶¶ 27-28).

8  **B.  The Court Certified a Class for Settlement Purposes and Granted**
   **Preliminary Approval to the Settlement Agreement**

9

10     On September 25, 2020, the Court granted Plaintiff's Preliminary Approval

11  Motion (Order Granting Motion for Preliminary Approval, Dkt. No. 33).  The

12  Court's Order:  (1) determined that the requirements of Rule 23 were satisfied for

13  purposes of certifying the class under Rule 23(a) and Rule 23(b)(3) for settlement;

14  (2) appointed Plaintiff as class representative under Rule 23 and appointed

15  Plaintiff's attorneys as Class Counsel; (3) preliminarily approved the Parties' class

16  action settlement agreement, finding that the "Settlement falls within the range of

17  reasonableness and appears to be valid, subject only to any objections that may be

18  raised at the final fairness hearing and final approval by this Court" (Dkt. No. 33,

19  ¶ 3); (4) ordered that notice of the settlement be directed to the Class in the form and

20  manner proposed by the Parties; and (5) set January 4, 2021, at 1:30 p.m. as the time

21  for the Final Approval Hearing.  The Court later granted the parties' joint stipulation

22  to continue the Final Approval Hearing until February 1, 2021, at 1:30 p.m. (Dkt.

23  No. 35).

24     Notification of the settlement was provided to the appropriate federal and

25  state officials under the Class Action Fairness Act, 28 U.S.C. § 1715, and under the

26  Private Attorneys General Act, Cal. Labor Code §§ 2698-2699.5 (Mullan Decl.,

27  ¶ 30)

28  ///

4

MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF JUDGMENT
CASE NO. 2:19-CV-9782 DSF (AFMx)

## C.    Settlement Fund

The settlement provides for Defendant to make a non-reversionary settlement payment to the Class of $750,000 to compensate Class Members, pay reasonable attorney's fees and costs (up to a maximum of $187,500 in fees[3] and up to $12,000 in costs, as determined by the Court), pay a service payment of $10,000 to the class representative if the Court approves the request, pay the costs of the Settlement Administrator (estimated at $15,000), and pay $37,500 to the State of California Labor and Workforce Development Agency (LWDA) (Stipulation and Agreement of Compromise and Settlement, Dkt. No. 29-1, Exhibit 1).

Checks will be mailed directly to each Class Member — no further action is required for a Class Member to receive a check.[4]  Class Members have 90 days to cash the settlement checks.  After 90 days, if there are uncashed settlement checks or checks mailed to Class Members that are returned as undeliverable and for which no updated address can be located, the funds will be donated to Legal Aid at Work (amounts to be earmarked for legal aid clinics and educational functions), a charitable organization that furthers the general purposes of the underlying causes of action (Dkt. No. 29-1, Exhibit 1 at p.25).  There is a substantial nexus between the proposed *cy pres* recipient and the interests of the Class Members in the instant matter.  *Lane v. Facebook, Inc.*, 696 F.3d 811, 821 (9th Cir. 2012), *cert. denied,* 134 S. Ct. 8, 187 L. Ed. 2d 392 (U.S. 2013); *see* Mullan Decl., ¶ 31).[5]

---

[3] Plaintiff is moving separately for an award of attorney's fees and costs, which motion will be heard at the Final Fairness Hearing.  In Plaintiff's motion for attorney's fees and costs, Plaintiff seeks only $187,500 in attorney's fees (25% of the settlement fund) and up to $12,000 in costs and expenses.  The fees requested are already considerably less than Class Counsel's lodestar.  Class Counsel will continue to devote time to this matter  through the conclusion of this action.

[4] As of this time, only one Class Members has opted out.

[5] The Settlement Administrator will mail a reminder postcard for Class Members who have not cashed their checks greater than $50. (Dkt. No. 29-1, Exhibit 1, ¶ 43).

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF JUDGMENT CASE NO. 2:19-CV-9782 DSF (AFMx)

## D.   Plan of Distribution to Class Members.

Distribution of the Payout Fund to Class Members will be made from the remainder of the Maximum Settlement Amount after deductions are made for the Settlement Administrator's reasonable costs, court-approved attorney's fees and costs, payment to the LWDA pursuant to PAGA, and any court-approved service payment to the Plaintiff — *i.e.*, the Net Settlement Fund (Dkt. No. 29-1, Exhibit 1 at pp.22-25).  Class Members are not required to submit claims or take any other affirmative action to be entitled to their shares of the Net Settlement Fund (*id.*, Ex. 1 at p.23).

The Agreement sets forth a Plan of Distribution for distributing the Net Settlement Fund among Participating Class Members who do not timely opt out (Dkt. No. 29-1, Exhibit 1 at pp.22-23).  Specifically, the Net Settlement Fund will be distributed among participating Class Members on a modified *pro rata* basis. The *pro rata* distribution will be based on the proportion to the number of workshop and drop-in hours ("Compensable Hours") each Participating Settlement Class Member worked during the Class Period relative to the total number of Compensable Hours worked by all Participating Settlement Class Members during the Class Period.  *Id.*, Ex. 1 at p.22.

The PAGA Group Payment is the 25% share of the $50,000 (or $12,500) allocated from the Maximum Settlement Amount for PAGA penalties that will be paid to members of the PAGA Group.  It shall be allocated *pro rata*, in proportion to the number of pay periods during the PAGA Penalties Period during which a Participating Settlement Class Member worked at least one Compensable Hour relative to the total number of pay periods during the PAGA penalties period during which all participating Settlement Class Members worked at least one Compensable Hour. (*Id.*, Ex. 1 at pp.22-23).  The remaining 75% ($37,500) allocated from the Maximum Settlement Amount for PAGA penalties shall go to the California Labor

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

6

MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF JUDGMENT
CASE NO. 2:19-CV-9782 DSF (AFMx)

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

1   and Workforce Development Agency ("LWDA") as required by statute. Cal. Labor

2   Code, § 2699, et seq. (*Id.*, Ex. 1 at p.21).

3        Although each Class Member's proportionate share of the Net Settlement

4   Amount and PAGA Group Payment will depend on the individual's specific work

5   history, it is estimated that the average recovery will be approximately $250 (Mullan

6   Decl., ¶ 27).[6]

7        As regards what is otherwise a straight *pro rata* method for distributing the

8   Net Settlement Fund on the basis of the number of Compensable Hours worked by

9   each Participating Class Member, in light of the types of claims and potential

10  recoveries and associated risks at issue, the Plan of Distribution cannot be said to

11  significantly prejudice or favor any segment(s) of the Class relative to any other

12  segment(s) of the Class.

13       **E.   Release of Claims**

14       The release in the Agreement provides that all Class Members who do not

15  opt-out will release Defendant from all claims for:

16           [A]ny and all claims under Labor Code Section 2802 that accrued
             during or prior to the Class Period that have been or could have been
17           asserted in the First Amended Complaint, based on the facts and
             allegations therein, including related or derivative claims, such as
18           under Business and Professions Code 17200, *et seq.*, and the PAGA
             through March 16, 2020 (with waiver of Civil Code section 1542 for
19           released claims) arising out of an alleged failure to reimburse
             expenses under Labor Code Section 2802.  All Settlement Class
20           Members shall be bound by the release, unless they formally opt-out.
             The PAGA Group shall be bound by the release as to any such PAGA
21           claims even if they have formally opted out of being a Settlement
             Class Member[.]  Settlement is further conditioned upon covenant by
22           Settlement Class Members who are members of the PAGA Group that
             they will not participate in or receive recovery or monies in
23           connection with any proceeding seeking penalties under Section 2699
             for claims based on facts which were or could have been alleged in
24           the First Amended Complain, based on the facts and allegations
             therein.

25

26   _____

27       [6] This estimate is based on a projected Net Settlement Amount and PAGA
     Group Payment of approximately $500,000 to be distributed to the 1,998 Class

28   Members.

MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF JUDGMENT
CASE NO. 2:19-CV-9782 DSF (AFMx)

RUDY EXELROD ZIEFF & LOWE LLP

351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

1  (Stipulation and Agreement of Compromise and Settlement, Dkt. No. 29-1,

2  Exhibit 1 at p.26).

3         In addition to these releases, the Agreement also provides that Plaintiff Hirsh,

4  should she be awarded a Court-approved service payment, must execute and provide

5  to Defendant an individual general release (*id.* at pp.27-30).

6      **F.    Settlement Administration**

7             **1.    <u>Class Notice</u>**

8         Pursuant to the Order Granting Motion for Preliminary Approval, on

9  October 30, 2020, the Settlement Administrator mailed the approved Class Notice to

10  putative Class Members identified by Defendant (Schwermer-Sween Decl., ¶ 9).

11  Consistent with the parties' Agreement and the Order Granting Preliminary

12  Approval, the Settlement Administrator searched for more recent addresses, took all

13  reasonable steps to obtain correct addresses for Class Members whose Notices were

14  returned undeliverable, and re-mailed Notices to Class Members for whom new

15  addresses were located (*id.*, at ¶¶ 10-12).[7]  The Settlement Administrator also

16  established a mailing address and toll-free phone number that was included in the

17  Class Notice to respond to Class Members' questions regarding the settlement (*id.*,

18  at ¶¶ 4-5).

19             **2.    <u>There Has Been Only One Opt Out.</u>**

20         Class Members who wished to opt out of the Settlement were required to

21  submit a written and signed request for exclusion by the December 14, 2020,

22  deadline specified in the Agreement and provided in the Class Notice (Schwermer-

23  Sween Decl., ¶ 9; Stipulation and Agreement of Compromise and Settlement, Dkt.

24  No. 29-1, Exhibit 1 at pp.15-16; Order Granting Motion for Preliminary Approval,

25  _____

26         [7] Specifically, after performing address traces on Class Notices that were
    initially returned as undeliverable, the Settlement Administrator re-mailed 15
27  notices to updated traced addresses.  As of December 28, 2020, 13 Class Notices
    were undeliverable (Schwermer-Sween Decl., ¶ 10).
28

MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF JUDGMENT
CASE NO. 2:19-CV-9782 DSF (AFMx)

1    Dkt. No. 33, p.3).  A request for exclusion was timely if it was mailed to the

2    Settlement Administrator and postmarked by December 14, 2020 (*see* Order

3    Granting Motion for Preliminary Approval, Dkt. No. 33, p.3; Schwermer-Sween

4    Decl., ¶ 9).

5        As of December 28, 2020, the Settlement Administrator has received one

6    request for exclusion (Schwermer-Sween Decl., ¶ 14).  Accordingly, out of a Class

7    of 1,999 members, only one has excluded herself from the settlement.

### 3.    Counsel Are Not Aware of any Class Member Objections to the Settlement or any of its Terms.

9        Class Members who did not opt out and who wished to object to the

10   Settlement could do so by submitting written objections to the Court by December

11   14, 2020, the deadline specified in the parties' Agreement, the Court's Preliminary

12   Approval Order, and provided in the Class Notice (Order Granting Motion for

13   Preliminary Approval, Dkt. No. 33, p.3; Schwermer-Sween Decl., ¶ 9).

14       Class Counsel are not aware of any objections sent to and filed by the Court

15   (Mullan Decl., ¶ 29).  Class Counsel has not received any objections from any Class

16   Member, whether formal or informal (*ibid*.).  Additionally, as of December 28,

17   2020, no Class Member has submitted any objection to the Settlement Administrator

18   (Schwermer-Sween Decl., ¶ 15).

### 4.    Challenges to Workweeks Calculated by the Settlement Administrator.

21       Class Members were given the opportunity to dispute the employment

22   information provided by the Defendant and populated in their Information Sheet

23   printed in their Notice by submitting a written letter postmarked by December 14,

24   2020.  The Settlement Administrator has to date received one such challenge to the

25   number of workweeks printed in the Class Members' Notices.  A copy of the dispute

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

1  was provided to Counsel.  At this time, the dispute is still in review (Schwermer-

2  Sween Decl., ¶ 13).[8]

3  **III.    DISCUSSION**

4      **A.    Final Confirmation of Class Certification is Appropriate.**

5      The Order Granting Motion for Preliminary Approval certified the Class for

6  settlement purposes under Rule 23 of the Federal Rules of Civil Procedure,

7  appointed Plaintiff Hirsh as the representative for the Class, and appointed

8  Plaintiff's attorneys as Class Counsel (Dkt. No. 33).  The Court found, for purposes

9  of settlement, that the Class meets all of the requirement for maintenance of a class

10  action under Rule 23(a) and Rule 23(b)(3) (*ibid.*).

11      Notice of the class action was directed to all Class Members in a form and

12  manner that complied with Rule 23 (*see supra* § II.F.1).  As of today's date, Class

13  Counsel are not aware of any objections by a Class Member to any aspect of the

14  Court's order preliminarily approving the settlement and only one of the 1,999

15  putative Class Members opted out.

16      For these reasons, and for the reasons set forth in Plaintiff's Motion for

17  Preliminary Approval of Class Action Settlement (Dkt. No. 29), the Court should

18  confirm the certification of this action as a settlement class action and the

19  appointment of Plaintiff as the Class Representative.

20      **B.    Final Settlement Approval is Appropriate.**

21      In order to approve a settlement that would bind class members, the court

22  must find, after notice and a hearing, that the proposed settlement is "fair,

23  reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2).

24  _____

25      [8] The dispute involves a putative Class Member who claims to have worked an additional 186 hours and 6 or 7 additional pay periods.  Regardless of the outcome, the dispute will not have any significant impact on the amounts paid to other Class Members under the terms of the settlement, and will have no discernable impact on the average class member settlement share (Schwermer-Sween Decl., ¶ 13).

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF JUDGMENT
CASE NO. 2:19-CV-9782 DSF (AFMx)

"[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor Erisa Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). "Despite the importance of fairness, the court must also be mindful of the Ninth Circuit's policy favoring settlement, particularly in class action law suits." *In re Omnivision Tech., Inc.*, 559 F.Supp.2d 1036, 1041 (N.D. Cal. 2008) (Conti, J.). While "[t]he court must find that the proposed settlement is fundamentally fair, adequate, and reasonable" (*id.*, at 1040), "the court's inquiry is ultimately limited 'to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties.' . . . The court, in evaluating the agreement of the parties, is not to reach the merits of the case or to form conclusions about the underlying questions of law or fact." *Ibid.* (citation omitted; quoting *Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)).

## 1. The settlement is entitled to a strong presumption of fairness.

"When seeking final approval, plaintiffs may establish a presumption of fairness by demonstrating: '(1) [t]hat the settlement has been arrived at [through] arm's-length bargaining; (2) [t]hat sufficient discovery has been taken or investigation completed to enable counsel and the court to act intelligently; (3) [t]hat the proponents of the settlement are counsel experienced in similar litigation; and (4) [t]hat the number of objectors or interests they represent is not large when compared to the class as a whole." *Trew v. Volvo Cars of N. Am., LLC*, No. 05-1379, 2007 WL 2239210, *2 (E.D. Cal. Jul. 31, 2007) (quoting Alba Conte and Herbert B. Newberg, Newberg on Class Actions § 11:41 (2006)); *see Wren v. RGIS Inventory Specialists*, No. 06-05778, 2011 WL 1230826, *6 (N.D. Cal. Apr. 1, 2011) (Spero, M.J.) (initial presumption of fairness is usually established if settlement is recommended by class counsel after arm's-length bargaining).

In this case, as discussed more extensively in Plaintiff's Motion for

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

Preliminary Approval of Class Action Settlement (Dkt. No. 29, pp.12, 17-19) and in

Plaintiff's Motion for Attorney's Fees:  (1) Class Counsel are highly experienced in

class action wage and hour litigation; (2) Plaintiff (and Defendant) conducted

extensive informal discovery and investigation that allowed Class Counsel to act

intelligently in negotiating and recommending the settlement; and (3) the Parties

arrived at the settlement through arms-length bargaining involving competent and

experienced counsel.  In addition, as of this time, there are no objectors to the

settlement (Mullan Decl., ¶ 29; Schwermer-Sween Decl., ¶ 15).

For these reasons, there is a strong presumption that the proposed settlement

is fair to the Class.  *Trew*, 2007 WL 2239210 at *2; *see Wren*, 2011 WL 1230826 at

*6.

## 2. <u>The settlement is fair, reasonable, and adequate.</u>

The Ninth Circuit has identified several factors the district court should

consider, as applicable, in reaching its determination of whether a proposed class

action settlement is fair, reasonable, and adequate.

> The district court's ultimate determination will necessarily involve a balancing of several factors which may include, among others, some or all of the following: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Officers for Justice*, 688 F.2d at 625.  "This list is not exclusive and different factors

may predominate in different factual contexts."  *Torrisi v. Tucson Elec. Power Co.*,

8 F.3d 1370, 1376 (9th Cir. 1993).

All the relevant factors identified by the Ninth Circuit weigh in favor of

settlement approval in this case.

### a. <u>The strength of Plaintiff's case and the risk of maintaining class action status throughout the trial.</u>

Plaintiff is convinced of the strengths of her claims.  However, Defendant is

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800| FX (415) 434-0513 | www.rezlaw.com

1  equally adamant about the strength of its defenses.  Plaintiff's claims and

2  Defendant's defenses give rise to a number of critical, disputed factual and legal

3  issues that go to the core of Plaintiff's claims and theories of liability and, by

4  extension, to Plaintiff's entitlement to recover damages and penalties, and/or the

5  proper measure of damages.

6  　　　As is set forth in greater detail in the Declaration of John T. Mullan In

7  Support of Plaintiff's Motion for Preliminary Approval, Dkt. No. 29-1, ¶ 49,

8  Defendant has suffered "mass layoffs" of its 17,000 person workforce and

9  announced "plans to cut $100 million in costs because of the coronavirus

10  pandemic," including the permanent closures of some locations.  As of August 5,

11  2020, Defendant's stock had fallen 38% for the year to date and profits for the

12  previous quarter were $14 million compared to $54 million in the year-earlier

13  quarter (see WW Stock Off as Results are Hurt by Pandemic Closures, The Street,

14  (*id.* at Exh. 4).  Thus, the possibility that WW might not survive the effects of the

15  pandemic on its business model, or at the very least may not be in a position to pay

16  as significant a settlement amount in the future, is a substantial risk factor that

17  would reasonably and logically mitigate toward settlement at this juncture.  Plaintiff

18  Hirsh can attest to the fact that attendance at the workshops had dropped

19  precipitously since they went virtual at the start of the pandemic and it is unclear of

20  the business model will rebound after the pandemic (Declaration of Katheryn Hirsh

21  In Support of Final Settlement Approval ("Hirsh Decl."), ¶ 4).

22  　　　The Class faces additional risks and uncertainty with regard to their claim for

23  penalties under the California Private Attorneys General Act ("PAGA").  *First*,

24  since Plaintiff's claims for PAGA penalties are predicated on Plaintiff's claims for

25  violations of other provisions of the Labor Code, her PAGA claim is subject to all

26  the same liability risks that her Labor Code claim faces.  *Second*, the PAGA

27  expressly authorizes the Court to award lesser amounts of penalties than specified

28  in the PAGA if failure to do so would result in an award that is unjust, arbitrary and

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

13

1  oppressive, or confiscatory.  Cal. Lab. Code § 2699(e)(2).  Thus, the Class faces the

2  risk that the Court will exercise its discretion not to award PAGA penalties or to

3  award reduced or substantially reduced penalties.

4       Plaintiff also faced significant risks in obtaining class certification.  Even if

5  the Class prevails on all or some of its claims, the Class faces the risk of a very long

6  delay in ever receiving any compensation for their claims.  Assuming the motion

7  for class certification is granted, WW could seek to file an interlocutory appeal

8  from the class certification order, and the proceedings in the district court could

9  potentially be stayed while that order is on appeal.  Assuming a class is certified for

10  trial, and that any appeal from the class certification order is decided in Plaintiff's

11  favor, additional merits discovery and trial preparation could reasonably be

12  expected to take well more than a year.  Following the trial and post-trial

13  proceedings, either Party could file appeals from any unfavorable aspect of the

14  district court's judgment, which appeals could take years to be finally resolved.

15  The coronavirus pandemic has added an additional level of uncertainty as to when

16  this matter could ultimately go to trial.

17       The risks and uncertainties facing the claims of Plaintiff and the Class weigh

18  in favor of settlement approval.

19            **b.    The risk, expense, complexity, and likely duration of**
                      **further litigation.**
20

21       Whatever the strength of her claims, Plaintiff nonetheless faced numerous

22  obstacles to recovery, including likely challenges to the use of representative

23  testimony and expert witnesses to establish class wide liability and aggregate

24  damages, challenges to Class Members' testimony concerning the amount of their

25  unreimbursed business expenses, and challenges to Plaintiff's methodology for

26  calculating damages and penalties.

27       The litigation regarding class certification would be expensive and time

28  consuming.  Assuming the Court certified a class action for trial, Defendant could

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

14

1  have appealed from a class certification order, which might have delayed the

2  proceedings considerably and been very expensive.

3       Additionally, if this case had proceeded to trial, the time and expenses

4  associated with trial preparation would have been considerable.  The parties would

5  have had to prepare expert reports and conduct expert discovery, prepare and

6  defend against motions *in limine*, draft trial briefs, prepare deposition designations

7  and trial exhibits, and, ultimately, try the case.  A class action trial in this case

8  would be manageable, but it would also be complex, expensive, and extremely

9  time-consuming.  Even if Plaintiff obtained a favorable verdict and judgment on her

10  claims, Plaintiff and the Class would face additional expenses and delay if, as is

11  likely, Defendant were to appeal.

12       Taken together, these considerations support approval of the settlement.

13           **c.**    **Settlement amount.**

14       In determining whether a settlement is fair, reasonable, and adequate, the

15  court must consider the amount offered in settlement.  *Officers for Justice*, 688 F.2d

16  at 625.  Under the terms of the Agreement, Defendant is required to make a total

17  settlement payment of $750,000.  That amount is non-reversionary.  Through the

18  $750,000 settlement, the often part-time and short-term current and former Studio

19  Team members in the Class will receive awards based on the number of Workshop

20  and Drop-in hours they worked during the applicable liability period.  Class

21  Members are not required to submit claims or take any other affirmative action to

22  receive their shares of the Settlement, which will result in a higher percentage of the

23  class receiving money than would be the case if affirmative action were required.

24  (Dkt. No. 29-1, Ex. 1 at pp.23-24).  The anticipated individual average

25  reimbursement award will be, at a minimum, approximately $250, which constitutes

26  a substantial recovery for Class Members relative to their actual damages (Mullan

27  Decl., ¶ 27).  The awards are particularly significant when viewed in the context of

28

RUDY EXELROD ZIEFF & LOWE LLP

351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF JUDGMENT
CASE NO. 2:19-CV-9782 DSF (AFMx)

RUDY EXELROD ZIEFF & LOWE LLP

351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

1    this case.  Class Members are primarily part-time workers; therefore, their recovery

2    is less than would be expected for employees who work fulltime all year.

3        Additionally, the plan of allocation provides an additional amount for all

4    putative Class Members who worked a shift on or after November 15, 2018.  This

5    provides additional consideration for claims for PAGA violations under Labor Code

6    Section 2699, which has a one-year statutes of limitations period (Dkt. No. 29-1,

7    Ex. 1 at pp.22-23).

8        In sum, given the procedural, liability, and damages hurdles facing them, the

9    total settlement and corresponding *pro rata* awards are very favorable to Class

10   Members. *See, e.g*., *Officers for Justice*, 688 F.2d at 624 ("Of course, the very

11   essence of a settlement is compromise, a yielding of absolutes and an abandoning of

12   highest hopes."); *Chiaramonte v. Pitney Bowes, Inc*., No. 06-1507, 2008 WL

13   510765 at *6 (S.D. Cal. Feb. 25, 2008) (noting that, in wage and hour settlement,

14   funds that are "only a fraction of the potential recovery" have been approved; citing

15   approval of 6% of recovery).  Especially given the high degree of risk and

16   uncertainty involved in further litigation, the settlement amount and projected *pro*

17   *rata* distributions represent a substantial recovery supporting preliminary approval.

18       Considering the risks and uncertainties in the litigation, including the risks

19   that class certification might be denied, the risks of losing some or all claims on the

20   merits, the risks of otherwise not recovering all the monetary relief sought, and the

21   certain delay in any recovery by not settling, the $750,000 Settlement Fund

22   payment provided for by the Settlement represents very good value for the Class

23   and weighs strongly in favor of final settlement approval.

24       **d.    Extent of discovery and investigation completed.**

25       This factor examines the extent of discovery the parties have completed and

26   the current stage of the litigation to evaluate whether "the parties have sufficient

27   information to make an informed decision about settlement."  *Linney v. Cellular*

28   *Alaska Partnership*, 151 F.3d 1234, 1239 (9th Cir. 1998).

As detailed in Plaintiff's Motion for Preliminary Approval and in the accompanying Declaration of John T. Mullan (Dkt. Nos. 29 and 29-1), Plaintiff (and Defendant) has conducted extensive informal discovery and investigation. Discovery and investigation have included, but not been limited to, Defendant providing the relevant written reimbursement and smartphone polices, as well as information reflecting the number of unreimbursed hours.  (Mullan Decl., ¶ 27).  In addition, Plaintiff's counsel interviewed a number of witnesses.  *Ibid*.

Here, given the relevant informal discovery completed, Plaintiff had more than sufficient information to make an informed decision about settlement.  This factor weighs heavily in favor of final settlement approval.

### e.     Experience and views of counsel.

As detailed in the attorney declarations supporting Plaintiff's Motion for Preliminary Approval, as well as Plaintiff's Motion for Attorney's Fees and Costs and its supporting attorney declaration, Class Counsel have had extensive experience and success litigating, trying, and settling wage and hour class actions (Mullan Decl. ISO Preliminary Approval, Dkt. No. 29-1 at ¶¶5-20; Declaration of Steven Zieff ISO Preliminary Approval, Dkt. No. 29-2 at ¶¶5-33).  Class Counsel are very knowledgeable about the strengths, weaknesses and potential value of the Class's claims (Mullan Decl., at ¶ 27).  Class Counsel believe that the amount of the settlement is "fair, reasonable, and adequate," and that "[c]onsidering the risks of continued litigation . . . , this settlement is within the range of reasonableness and fair to the Class" (*ibid.*).  Given the experience and expertise of counsel in handling wage and hour class actions, their endorsement of the settlement as fair, reasonable, and adequate in light of the risks of further litigation and recommendation that it be approved "is entitled to significant weight, and weighs in favor of settlement."  *See e.g. Morales v. Stevco, Inc.*, No. 09-00704, 2011 WL 5511767 at *11 (E.D. Cal. Nov. 10, 2011); *Clesceri v. City Beach Investigations & Protective Servs., Inc.*, No. 10-3873, 2011 WL 320998 at *10 (C.D. Cal. Jan. 27, 2011).

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

17

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

**f.    Class Members' reactions to the proposed settlement.**

Out of 1,999 Class Members, to date no Class Member has submitted an objection and only one Class Member has opted out (Schwermer-Sween Decl., ¶¶ 14-15).  Additionally, only one Class Member has submitted a challenge to the Settlement Administrator regarding his or her individual determination of workweeks worked during the class period (*id*. at ¶13).  The absence of objections and limited opt outs is a strong indication that the Class has a favorable view of the settlement.  This factor too weighs in favor of final settlement approval.  *Officers for Justice*, 688 F.2d at 625; *Nat'l Rural Telecomm. Cooperative v. DIRECTV, Inc.,* 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members"); *see also Garner v. State Farm Mut. Auto. Ins. Co.,* No. 08-1365, 2010 WL 1687832, at * 14 (N.D. Cal. Apr. 22, 2010) (Wilken, J.) (citing *Nat'l Rural Telecomm. Cooperative*).

To conclude, the proposed settlement is presumptively fair, and all the relevant factors set forth by the Ninth Circuit for considering whether to approve a class action settlement weigh in favor of granting final approval to the proposed settlement in this case.  Therefore, the Court should grant final approval to the settlement.

**3.    The Settlement Provides a Substantial Payment to the LWDA in Consideration for the Settlement of the PAGA Claim.**

As set forth at length in Plaintiff's Motion for Preliminary Approval (Dkt. No. 29, pp. 20-22), the allocation of $50,000 to the PAGA claim is appropriate where (1) the Settlement provides substantial relief to Class Members through a significant settlement payment from Defendant, promoting PAGA's principles in protecting employee rights and (2) the allocation to the PAGA award represents substantial relief to the Class given the risks of pursuing a jury verdict.

MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF JUDGMENT
CASE NO. 2:19-CV-9782 DSF (AFMx)

RUDY EXELROD ZIEFF & LOWE LLP

351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

1    Additionally, the Labor and Workforce Development Agency, the agency

2   tasked with administering PAGA, was provided notice of the Settlement

3   approximately three months ago and has not objected or responded to the

4   Settlement (Mullan Decl., ¶ 30).

5        **C.    The Court Should Grant Final Approval to the Payment of a

6        Service Award to Representative Plaintiff Hirsh.**

7        As contemplated by the Parties' Agreement (Dkt. No. 29-1, Exh. 1, p.11), the

8   Representative Plaintiff, Kathryn Hirsh, hereby applies for the award of a service

9   payment of $10,000 to be paid from the Settlement Fund for her time, efforts, and

10  sacrifices on behalf of the Class.  Class Members received notice of the request for

11  a service award and no Class Members has objected.  The Court should now

12  approve the requested service award for Plaintiff Hirsh.

13       **1.    Plaintiff Hirsh Contributed Substantially to this Litigation,

14       to the Benefit of the Class.**

15       Class representatives play a crucial role in bringing justice to those who

16  would otherwise be unable to vindicate their rights.  *See Rodriguez v. West

17  Publishing Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009) (incentive awards may

18  recognize a plaintiff's "willingness to act as a private attorney general").  In the

19  Ninth Circuit, "[i]ncentive awards are fairly typical in class action cases."  *Id.*, at

20  958.  "Numerous courts in the Ninth Circuit and elsewhere have approved incentive

21  awards of $20,000 or more where . . . the class representative has demonstrated a

22  strong commitment to the class."  *Garner v. State Farm Mut. Auto Ins*., No. 08-CV-

23  1365 CW, 2010 WL 1687832, at *17, n.8 (N.D. Cal. Apr. 22, 2010) (collecting

24  cases).  In examining this commitment to the class and the reasonableness of a

25  requested service payment, courts must consider all "relevant factors includ[ing] the

26  actions the plaintiff has taken to protect the interests of the class, the degree to

27  which the class has benefitted from those actions, . . . the amount of time and effort

28  the plaintiff expended in pursuing the litigation . . . and reasonabl[e] fear[s of]

19

workplace retaliation." *Staton v. Boeing Co*., 327 F.3d 938, 977 (9th Cir. 2003) (citation omitted). Additionally, to ensure that an incentive payment is not excessive, the court should balance "the number of named plaintiffs receiving incentive payments, the proportion of the payments relative to the settlement amount, and the size of each payment." *Ibid*.

Here, Plaintiff Hirsh's services protected the interests of the Class and resulted in a benefit to the Class as a whole. Ms. Hirsh expended substantial time and effort in the prosecution and settlement of this case. She estimates that she spent approximately 29-30 hours working on the case (Hirsh Decl., ¶¶ 5-10). In the course of her service as a representative plaintiff in this case, Ms. Hirsh communicated extensively with Class Counsel regarding facts, issues, documents, scheduling, and potential witnesses in the case. She also played a pivotal role at a full-day mediation, helping convince the mediator of the validity of the Class' claims (*ibid*.).

Moreover, the number of hours that Plaintiff expended fails to capture the value added to this case by her efforts. Plaintiff provided Class Counsel with information about and documents confirming technology reimbursement policies that were essential to framing the claims and in prosecuting the case (Mullan Decl., ¶ 32). In addition, Plaintiff was invaluable in connecting Class Counsel with witnesses who could validate the Class' claims (*ibid*.).

## 2.    Plaintiff Hirsh Shouldered Unique Risks in Her Role as a Representative Plaintiff.

Service awards are particularly appropriate in employment actions where plaintiffs undertake a significant "reputational risk" by bringing suit against their former employers. *Rodriguez*, 563 F.3d at 958-59; *Brazil v. Dell Inc*., No. C-07-01700 RMW, 2012 WL 1144303, at *2-3 (N.D. Cal. Apr. 4, 2012). In the workplace context, where workers are often blacklisted if they are considered "trouble makers," employees who sue their employers are particularly vulnerable to

MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF JUDGMENT CASE NO. 2:19-CV-9782 DSF (AFMx)

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

RUDY EXELROD ZIEFF & LOWE LLP

351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

1  retaliation and termination — a paralyzing fear for workers in this harsh economic

2  climate. *See In re High-Tech Emp. Litig.*, 11-CV-02509 LHK, 2015 WL 5158730,

3  at *17 (N.D. Cal. Sept. 2, 2015) (granting service awards based in part on the

4  named plaintiffs' risk of future workplace retaliation and diminished future

5  employment prospects for being labeled "troublemakers" in their industry);

6  *Connolly v. Weight Watchers N. Am. Inc.*, No. 14-CV-01983 TEH, 2014 WL

7  3611143, at *4 (N.D. Cal. July 21, 2014) (named plaintiffs assume "the risk of

8  being stigmatized or disfavored by their current or potential future employers by

9  suing their employer"); *Bredbenner v. Liberty Travel, Inc.,* No. CIV.A. 09-1248

10  MF, 2011 WL 1344745, at *23 (D.N.J. Apr. 8, 2011) (awarding enhancements to

11  named plaintiffs in recognition that "they risk their good will and job security in the

12  industry for the benefit of the class as a whole"); *Ross v. U.S. Bank Nat'l Ass'n*, No.

13  C07-02951SI, 2010 WL 3833922, at *2 (N.D. Cal. Sept. 29, 2010) (enhancements

14  based on "willingness to serve as representatives despite the potential stigma that

15  might attach to them in the banking industry from taking on those roles").

16      Here, Plaintiff undertook significant risks in coming forward and being the

17  named representative in a suit against her current employer.  Plaintiff had to

18  overcome her fear of retaliation and industry ostracization to serve as a named

19  plaintiff in this lawsuit.  Plaintiff's employment situation was particularly sensitive,

20  as she was still employed by Defendant, subject to layoff and rehiring as the

21  company's needs required.  Accordingly, she had concerns that her participation in

22  the lawsuit might impact her future employment (Hirsh Decl., ¶ 11).  Additionally,

23  Plaintiff documents the fear that she continues to have regarding future negative

24  impacts on her employment if a potential future employer discovers (from a simple

25  internet search) that she initiated a class action lawsuit against her employer.  *See*

26  Hirsh Decl., ¶ 12; *Guippone v. BH S&B Holdings, LLC.*, No. 09-CV-01029 CM,

27  2011 WL 5148650, at *7 (S.D.N.Y. Oct. 28, 2011) ("Today, the fact that a plaintiff

28  has filed a federal lawsuit is searchable on the internet and may become known to

prospective employers when evaluating that person."); *Connolly*, 2014 WL
3611143, at *4 (recognizing named plaintiffs assume "the risk of being stigmatized
or disfavored by their current or potential future employers by suing their
employer").

Although Plaintiff could likely have confidentially resolved her individual
claim, she was willing to risk exposure and act as a named plaintiff to secure a
remedy not only for herself, but for her fellow workers who might be unwilling,
afraid, or unable to bring their own case (Hirsh Decl., ¶ 14).  *See* Nantiya Ruan,
*Bringing Sense to Incentive Payments:  An Examination of Incentive Payments to
Named Plaintiffs in Employment Discrimination Class Actions,* 10 Emp. Rts. &
Emp. Pol'y J. 395 (2006) (discussing the realistic fear of reprisal facing employees
who bring workplace law class actions).  The risk of retaliation and deterred future
employment weighs in favor of the requested service award.

### 3.     The Requested Service Award is Reasonable.

The amount of the requested service award is reasonable.  The $10,000
amount constitutes a very small fraction of the Settlement Fund, resulting in little
detriment to the Class.  The award is reasonable in this case in view of the extent of
the time and effort expended by the named Plaintiff, as well as the risk she took on
in bringing this action, and is in line with awards approved in other cases.  *See, e.g.*,
*In re High-Tech Emp. Litig.*, 2015 WL 5158730, at *16-18 (granting service awards
of $120,000 for one named plaintiff and $80,000 for four other named plaintiffs in
antitrust action based on their "hundreds" of hours worked in furtherance of the
litigation and reasonable fear of future workplace retaliation, where class members
were expected to receive roughly $5,770 each); *Garner,* 2010 WL 1687832, at *17
n.8 ("Numerous courts in the Ninth Circuit and elsewhere have approved incentive
awards of $20,000 or more") (collecting cases); *Graham v. Overland Solutions,
Inc.*, No. 10-CV-0672 BEN, 2012 WL 4009547, at *8 (S.D. Cal. Sept. 12, 2012)
(awarding $25,000 to each named plaintiff "for their time, effort, risks undertaken

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

RUDY EXELROD ZIEFF & LOWE LLP

351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

1   for the payment of costs in the event this action had been unsuccessful, stigma upon

2   future employment opportunities for having initiated an action against a former

3   employer, and a general release of all claims related to their employment"); *Glass v.*

4   *UBS Fin. Servs., Inc.*, No. C-06-4068 MMC, 2007 WL 221862, at *16-17 (N.D.

5   Cal. Jan. 26, 2007) *aff'd*, 331 F. App'x 452 (9th Cir. 2009) (approving payments of

6   $25,000 to each named plaintiff); *Van Vranken v. Atlantic Richfield Co.*, 901

7   F.Supp. 294, 299-300 (N.D. Cal. 1995) (awarding $50,000 to a lead plaintiff);

8   *Satchell v. Fed. Express Corp.*, Nos. C-03-2659 SI, C-03-2878 SI, 2007 WL

9   1114010, at *5-6 (N.D. Cal. Apr. 13, 2007) (preliminarily approving awards of up

10  to $30,000 each to class representatives and up to $5,000 each to 18 class members

11  who signed declarations and were deposed); *see also* Mullan Preliminary Approval

12  Decl. ¶¶ 5-18.  For example, in *Connolly v. Weight Watchers North America, Inc.*,

13  No. 14-cv-01983-TEH (N.D. Cal. 2014) (Henderson, J.), Class Counsel firm Rudy,

14  Exelrod, Zieff, & Lowe, LLP, represented employees in a wage-and-hour class

15  action alleging, *inter alia*, unpaid off-the-clock work and unreimbursed business

16  expenses.  The Court granted final approval to the plaintiffs' proposed class action

17  settlement and approved service payments of $12,500 and $10,000 to the two class

18  representatives (Mullan Decl., ¶ 18).

19       In addition, Plaintiff agreed to execute a much broader release than the

20  releases that apply to other Class Members.  This warrants additional compensation.

21  *Dent v. ITC Serv. Grp., Inc.*, No. 12-CV-0009 JCM, 2013 WL 5437331, at *4 (D.

22  Nev. Sept. 27, 2013) (awarding enhancement in part because wage plaintiff signed a

23  general release); *Wade v. Kroger Co.*, No. 01-CV-699 R, 2008 WL 4999171, at *13

24  (W.D. Ky. Nov. 20, 2008) (awarding plaintiffs additional compensation because

25  they agreed to a "release of all claims . . . that is broader than the release given by

26  other members of this class"); *Carlson v. C.H. Robinson Worldwide, Inc.*, No. 02-

27  CV-3780 JNE, 2006 WL 2671105, at *4 (D. Minn. Sept. 18, 2006) (authorizing

28

1    additional payments to plaintiffs who "g[a]ve additional consideration-that is, a

2    broader release of claims than the release to be signed by other class members").

3    **IV.**    **CONCLUSION**

4        For the foregoing reasons, Plaintiff respectfully submits that the Court should

5    grant her Motion for Final Approval and for Entry of Judgment, and enter the

6    proposed order and judgment that has been agreed to by the Parties and submitted

7    to the Court.

8    DATED:  January 4, 2021                    Respectfully submitted,

9

10                                   By: _____

11                                        STEVEN G. ZIEFF
                                          JOHN T. MULLAN
12                                        WILLIAM P. McELHINNY
                                          Attorneys for Plaintiff
13                                        KATHRYN HIRSH, individually and on
                                          behalf of all others similarly situated
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF JUDGMENT
CASE NO. 2:19-CV-9782 DSF (AFMx)

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com