JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN HIRSH, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>WW NORTH AMERICA HOLDINGS, INC.,<br><br>        Defendant. | Case No. 2:19-cv-9782-DSF (AFMx)<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING FINAL JUDGMENT** |

The Court having considered the motion of Plaintiff Kathryn Hirsh for final approval of class settlement and payments to the Plaintiff, Class Counsel, the California Labor and Workforce Development Agency ("LWDA") and the Settlement Administrator, having determined that this matter is appropriate for decision without oral argument, *see* Fed. R. Civ. P. 78; Local Rule 7-15, and having found good cause, **ORDERS AS FOLLOWS:**

1. For purposes of this Final Approval Order and except as otherwise specified, the Court adopts all defined terms set forth in the Stipulation of Settlement.

2. The Court has jurisdiction over this Action and the Settlement pursuant to 28 U.S.C. sections 1132(a) and 1332(d).

3. The Court finds the Settlement was made and entered into in good faith and approves the Settlement as fair, adequate, and reasonable to all Class Members.

## Class Certification

4. In the Court's Preliminary Approval Order, the Court certified the Class for purposes of settlement. The Court finds, for purposes of settlement only, that the Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure. For purposes of effectuating the Settlement, the Court finally certifies the following Class:

> All persons who worked for Defendant as Studio Team Members in California at any time between November 14, 2015, through the date of the Preliminary Approval Order.

5. In the Court's Preliminary Approval Order, Plaintiff Kathryn Hirsh was appointed as Class Representative as to the conditionally certified Class. The Court confirms her appointment for purposes of this settlement.

6. In the Court's Preliminary Approval Order, Rudy, Exelrod, Zieff & Lowe, LLP was appointed as Class Counsel as to the conditionally certified Class.

The Court confirms the appointment as Class Counsel for purposes of this settlement.

### Class Notice

7. Notice of Settlement to Class Members, as set forth in the Stipulation of Settlement, has been completed in conformity with the terms of the Stipulation of Agreement and Preliminary Approval Order as to all Class Members who could be identified through reasonable effort. The Court finds that said notice was the best notice practicable under the circumstances. The Notice provided due and adequate notice to Class Members of the proceedings and of the matters set forth therein, including the Settlement, and the manner by which objections to the Settlement could be made and Class Members could opt out of the non-PAGA portion of the Settlement. The Notice fully satisfied the requirements of due process.

### California Private Attorneys General Act

8. The Court finds that Plaintiff was authorized to proceed on behalf of the State of California under the California Private Attorneys General Act (Cal. Labor Code §2698 *et seq.*) (PAGA) to resolve the PAGA claims asserted in the First Amended Complaint, that the State had an opportunity to review the PAGA claims that Plaintiff is releasing on the State's behalf pursuant to California Labor Code section 2699(l) and 2699.3, and that the State has expressed no objection to the PAGA portion of this Settlement. Plaintiff, all Class Members (whether or not they have opted out of the Settlement) on whose behalf she has settled these PAGA claims, and the State of California shall be deemed to have expressly waived and relinquished, by operation of law and to the fullest extent permitted by law, the provisions, rights, and benefits they otherwise may have had related to the PAGA portion of the Settlement Class Released Claims.

### Objections and Requests for Exclusion

9. No objections to the Settlement were received from any Class Members.

10. A Request for Exclusion were submitted by one Class Member. The Court finds that Cindy Newman submitted a valid and timely Request for Exclusion and therefore shall not be bound by the terms of the Stipulation of Settlement related to the non-PAGA portion of the Settlement.

### **Release of Claims and Injunction**

11. Plaintiff and all other Class Members, excluding the Class Member identified in Paragraph 10 above, shall have, by operation of this Judgment, fully, finally, and forever released, relinquished, and discharged the Releasees from the Settlement Class Released Claims as set forth in Section IX of the Stipulation of Settlement. All Class Members who are part of the PAGA Group, as defined in the Stipulation of Settlement, including the Class Member identified in Paragraph 10 above, shall have, by operation of this Judgment, fully, finally, and forever released, relinquished, and discharged the Releasees from any claims under PAGA.

12. Plaintiff and all other Class Members, except the Class Member identified in paragraph 10 above, are enjoined from filing or prosecuting any other cases, claims, suits, or administrative proceedings involving the Settlement Class Released Claims as set forth in the Stipulation of Settlement. All Class Members who are part of the PAGA Group, as defined in the Stipulation of Settlement, including the Class Member identified in Paragraph 10 above, shall be bound by their covenant, as provided in the Stipulation of Settlement, that they will not participate or receive recovery or monies in connection with any proceeding seeking penalties under the PAGA for claims based on facts which were or could have been alleged in the First Amended Complaint, based on the facts and allegations therein.

### **Payments Pursuant to the Stipulation**

3

CASE NO. 2:19-CV-9782 DSF (AFMx)

13. Defendant is to fund the Qualified Settlement Fund no later than 40 days after Final Approval.  The Court finds that the Maximum Settlement Amount, the Net Settlement Amount for Class Members, the PAGA Group Payment for the PAGA Group, and the methodology used to calculate and pay each Class Member's portion of the Net Settlement Amount and/or PAGA Group Payment is fair and reasonable, and authorizes the Settlement Administrator to pay and distribute the Net Settlement Amount and PAGA Group Payment to the Class Members in accordance with the terms of the Stipulation of Settlement and this Order.

14. The funds for any check that remains uncashed 90 days after the payment of first round settlement checks by the Settlement Administrator will be paid as a *cy pres* award to the Legal Aid at Work (amounts to be earmarked for legal aid clinics and educational functions).  In such event, the Class Members whose checks remain uncashed 90 days after the payment of first round settlement checks by the Settlement Administrator shall nevertheless remain subject to the terms of the Judgment.

15. For the reasons stated in the Court's Order Granting Plaintiff's Motion for Fees and Reimbursement of Costs and Expenses, Class Counsel shall be paid $185,426.10 as their attorneys' fees and $8295.61 for reimbursement of costs and expenses from the Maximum Settlement Amount in accordance with the terms of the Stipulation of Settlement.

16. The Settlement Administrator shall withhold 10% of the above-stated attorney's fees until further order of this Court.  When Class Counsel provides a declaration stating that all other terms of the settlement have been implemented, as well as a proposed order releasing the remainder of the fees award, the Court will issue an order releasing the remainder of the funds.

17. Plaintiff Kathryn Hirsh shall be paid a Class Representative Service Enhancement in the amount of $1,500.00 from the Maximum Settlement Amount

in accordance with the terms of the Stipulation of Settlement.  Hirsh expended substantially less time than many other class representatives in cases before this Court, has continued to work for the same employer throughout the course of the litigation, and has not identified any potential claims she might be releasing as a result of the general release.

18. The Settlement Administrator shall be paid an amount not to exceed $15,000.00 from the Maximum Settlement Amount for the costs and expenses of administering the Settlement.

19. A payment in the amount of $37,500 from the Maximum Settlement Amount shall be allocated to penalties under the PAGA, California Labor Code section 2698, *et seq*., and paid by the Settlement Administrator directly to the LWDA.

### Dismissal

20. The Action is dismissed on the merits and with prejudice, permanently barring the Plaintiff and all other Settlement Class Members from filing, commencing, prosecuting, or pursuing all Settlement Class Released Claims as set forth in the Stipulation of Settlement, whether or not on a class action basis, or from participating in any class action involving such claims.

21. The claims pursuant to Labor Code section 2699, *et seq.* are dismissed with prejudice as set forth in the Stipulation of Settlement.

### Other Provisions

22. Nothing relating to this Order, or any communications, papers, or orders related to the Settlement, shall be cited to as, construed to be, admissible as, or deemed an admission by Defendant or Releasees of any liability, culpability, negligence, or wrongdoing toward the Plaintiff, the Class Members, or any other person, or that class or collective action certification is appropriate in this or any other matter.  There has been no determination by any Court as to the merits of the claims asserted by Plaintiff against Defendant or as to whether a class should be

certified, other than for settlement purposes only.  Furthermore, nothing in the Stipulation of Settlement shall be cited to as, construed to be, admissible as, or considered any form of waiver of any alternative dispute resolution agreements, provisions, or policies by Defendant or Releasees.

23. The Parties shall implement the Settlement according to the terms of the Stipulation of Settlement.

24. The Court reserves exclusive and continuing jurisdiction over the Action, Plaintiff, the Class Members, and Defendant for purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement and this Judgment.

25. If the Settlement does not become final and effective in accordance with its terms, this Judgment shall be rendered null and void and shall be vacated and, in such event, all related orders entered and all releases delivered in connection herewith also shall be rendered null and void.

IT IS SO ORDERED.

DATED: February 12, 2021

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE